# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

    v.                                          **Case No. 05-CR-20**

**RENE HERRERA-LOPEZ,**

        Defendant.

## RECOMMENDATION TO HON. CHARLES N. CLEVERT, JR. ON THE DEFENDANT'S MOTION TO DISMISS

On March 22, 2005, the grand jury returned a five-count superseding indictment against Rene Herrera-Lopez ("Herrera-Lopez"). All counts relate to Herrera-Lopez's alleged distribution and promotion of controlled substances. This court previously forwarded a recommendation to the Honorable Charles N. Clevert, Jr. and entered an order on the pretrial motions that Herrera-Lopez filed in regard to the original indictment. (Order & Recommendation, March 16, 2005.). That recommendation remains pending.

In regard to the superseding indictment, Herrera-Lopez filed a motion to dismiss in which he challenges the propriety of the evidence presented to the grand jury. Herrera-Lopez's motion has been fully briefed and is now ready for resolution. A jury trial is scheduled to commence before the Honorable Charles N. Clevert, Jr. on June 20, 2005, with a final pretrial conference set for June 8, 2005.

## MOTION TO DISMISS

Herrera-Lopez filed a motion to dismiss the indictment, claiming that (1) the government misrepresented certain evidence to the grand jury and (2) that other evidence heard by the grand jury was insufficient hearsay. (See e.g., Kuchler Aff. April 9, 2005 ¶¶ 3-6, 12, 16-17.). To the extent that Herrera-Lopez takes issue with the adequacy of the evidence presented to the grand jury, it is well established that the validity of an indictment is not affected by the form of evidence considered. United States v. Taylor, 154 F.3d 675, 681 (7th Cir. 1998). An otherwise valid indictment cannot be challenged on the ground that the grand jury based its decision to indict on incompetent evidence or hearsay. Id.; United States v. Rosario, 234 F.3d 347, 351-52 (7th Cir. 2000); United States v. Roth, 777 F.2d 1200, 1203 (7th Cir. 1985). Moreover, the court cannot inquire into the sufficiency of evidence presented to the grand jury in determining the sufficiency of the indictment. Costello v. United States, 350 U.S. 359, 363 (1956); United States v. DiFronzo, 345 F.2d 383, 386 (7th Cir. 1965). Thus, Herrera-Lopez's motion is without merit in that respect, and the court's analysis will focus on Herrera-Lopez's claim that dismissal is warranted based on alleged misrepresentations made by the government.

The crux of Herrera-Lopez's claim is that Special Agent Willie Brantley ("Agent Brantley") made a misrepresentation to the grand jury when he claimed that law enforcement officials had audio and video recordings of Herrera-Lopez's alleged drug trafficking activities. In support of this claim, Herrera-Lopez states that the grand jury's indictment was based exclusively on Agent Brantley's reading of the criminal complaint that was issued on December 16, 2004. In relevant part, the complaint states that Herrera-Lopez's meetings with a confidential informant were videotaped by law enforcement agents and that telephone calls to Herrera-Lopez were recorded. (Compl. ¶¶ 4-5.).

Herrera-Lopez claims that these statements are false. During the course of discovery, Herrera-Lopez claims to have learned that the recordings mentioned in the complaint have been erased, were never made, or are not discernable. Thus, Herrera-Lopez concludes that Agent Brantley presented false information to the grand jury and that dismissal is warranted as a sanction for Agent Brantley's conduct.

In the opinion of this court, Herrera-Lopez's claim falls short of the showing necessary to justify the sanction of dismissal. Dismissal requires that Herrera-Lopez demonstrate prejudice as a result of the government's alleged misconduct. Bank of Nova Scotia, 487 U.S. 250, 254 (1988); United States v. Anderson, 61 F.3d 1290, 1296 (1995); United States v. Geisler, 143 F.3d 1070, 1072 (7th Cir. 1998); United States v. Brooks, 125 F.3d 484, 497 (7th Cir. 1997). Prejudice occurs if a "violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of the violation." Anderson, 61 F.3d at 1296 (citations omitted).

In the present case, it is clear that Herrera-Lopez cannot demonstrate prejudice based on the allegedly false information noted in his motion. Assuming Agent Brantley was the only witness to testify before the grand jury and that Agent Brantley simply read the complaint, as Herrera-Lopez contends, the grand jury would have been presented with sufficient evidence to find probable cause that Herrera-Lopez committed the charged offenses. The criminal complaint alleges all of the following:

> (1) that Herrera-Lopez met with a confidential informant and subsequently discussed delivery of cocaine and marijuana (Compl. ¶ 4.);
>
> (2) that a confidential informant made a $2,400 controlled cash delivery to Herrera-Lopez as down payment for drugs (Compl. ¶ 4.);

3

(3) that calls by a confidential informant to Herrera-Lopez in which drug trafficking activities were discussed, were monitored by law enforcement agents (Compl. ¶ 5.);

(4) that law enforcement agents recovered nine kilograms of cocain that Herrera-Lopez directed to be placed in a confidential informants vehicle (Compl. ¶¶ 6-8.); and

(5) that a search of Herrera-Lopez's residence revealed notes indicating that Herrera-Lopez was involved in a $15,000 drug transaction (Compl. ¶ 14.).

While paragraphs four and five do claim that law enforcement agents obtained audio and video recordings of Herrera-Lopez's activities, that evidence merely memorializes conduct otherwise observed by law enforcement agents. Moreover, in light of the alleged quantum of other incriminating evidence, the existence or nonexistence of recordings is a relatively minor consideration. It is not a consideration that is relevant to the elements of the charged offenses, and the court cannot conclude that it is a consideration that "substantially influenced the grand jury's decision to indict" or that casts "grave doubt that the decision to indict was free from the substantial influence of the violation." Thus, even assuming that the court accepts Herrera-Lopez's allegations, Herrera-Lopez has not demonstrated prejudice sufficient to warrant dismissal.

Herrera-Lopez submits that he need not prove prejudice. Herrera-Lopez claims that the court's supervisory authority allows for dismissal of the indictment upon a finding that the government's misconduct was sufficiently egregious. (Herrera-Lopez Br. 1-2 ("prejudice to the defendant is no longer the question; rather, the exercise of the supervisory power is designed to deter prosecutorial misconduct in the future").). That is not the case. The lead case addressing dismissal based on misconduct, Bank of Nova Scotia, explicitly holds to the contrary. The Supreme Court phrased the issue presented in Bank of Nova Scotia as follows: "whether a district court my invoke its supervisory power to dismiss an indictment for prosecutorial misconduct in a grand jury investigation, where the misconduct does not prejudice the defendant." 487 U.S. at 252. Because the court's supervisory

4

power cannot circumvent the harmless error rule set forth in Federal Rule of Criminal Procedure 52, the Court held that prejudice is necessary regardless of the prosecution's misconduct. Id. at 254-55. Thus, the district court lacked the power to dismiss the indictment on the facts presented, and the Court of Appeals' decision (reversing the district court) was affirmed. Id.

Having concluded that prejudice is a prerequisite to dismissal, the Court went on to discuss a particular class of cases in which indictments may be dismissed "without a particular assessment of the prejudicial impact of the errors in each case, because the errors are deemed fundamental." It is not that prejudice is unnecessary in these particular cases. Rather, prejudice is assumed because "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, *allowing the presumption of prejudice*." Id. at 256-57 (emphasis added). Particular examples of such cases cited by the Court include the situation where selection of grand jurors was the result of racial discrimination or where women had been excluded from the grand jury. Id. at 257. The district court's findings as to the government's misconduct—violations of Federal Rule of Criminal Procedure 6, violations of 18 U.S.C. §§ 6002 and 6003, violations of the Fifth and Sixth Amendments, presentation of misinformation to the grand jury and mistreatment of witnesses—were not severe enough to warrant analysis under the second, specialized category of cases. See id. at 251, 260. Neither are the allegations of misconduct presented by Herrera-Lopez. Thus, Herrera-Lopez's inability to demonstrate particular prejudice warrants denial of his motion.

Moreover, even assuming that Herrera-Lopez was able to demonstrate prejudice, Herrera-Lopez has not presented evidence that the prosecution's actions involved any degree of knowledge or scienter. Absent such a showing, it is unclear whether "misconduct" occurred at all. In fact, Herrera-Lopez bases his claim of misconduct upon 18 U.S.C. § 1623. (Herrera-Lopez Br. 2.). That

statute creates criminal liability for whoever "**_knowingly_** makes any false material declaration or makes or uses any other information . . . **_knowing_** the same to contain any false material declaration" in any proceeding before the grand jury. It is likely that at the time he appeared before the grand jury, Agent Brantley, believed that Herrera-Lopez's alleged drug trafficking activities were recorded, as stated in the complaint. According to Herrera-Lopez himself, some of the recordings that the government intended to create failed for what appears to be technical difficulty. (Kuchler Aff. ¶ 23, 30, 34.). Absent some degree of scienter, the court is unpersuaded that the severe sanction of dismissal is justified. See e.g., Bank of Nova Scotia, 487 U.S. at 260-61 (where there was no evidence of the prosecutor's knowledge that evidence presented to the grand jury by IRS agents was false or misleading, misconduct did not occur). Accordingly, and for all of the reasons discussed, the court now enters the following recommendation on Herrera-Lopez's motion to dismiss:

**IT IS THEREFORE RECOMMENDED** that Herrera-Lopez's motion to dismiss be **denied.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this <u>19th</u> day of May, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge